IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| UC ACQUISITION CORP., doing business as UNICARE, | ) ) ) | |
| Plaintiff, | ) ) ) | Case No. 3:11-cv-443-MEF (WO—Do not publish) |
| v. | ) ) ) | |
| SALEM NURSING & REHAB CENTER OF TUSKEGEE, INC., | ) ) ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

This cause comes before the Court on Plaintiff Unicare's Motion for Default Judgment (Doc. # 8). The Clerk of Court has already entered default against the defendant, Salem Nursing & Rehab Center of Tuskegee (Doc. # 10), meaning that all well-pled factual allegations against Salem Nursing have been deemed admitted. *See* Fed. R. Civ. P. 55(a); *Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987). The Court must therefore accept these facts as true and determine whether they state a claim upon which relief may be granted. *See Anheuser-Busch, Inc. v. Philpot*, 317 F.3d 1264, 1266 (11th Cir. 2003). After thoroughly reviewing the pleadings and the contract between the parties, the Court finds that Unicare has stated valid claims against Salem Nursing.[1]

---

[1] The Court should note its concern about the timing of the lawsuit. The contract between the parties went into effect sometime around 1998 or 1999 and, by its terms, ended in 2001. Yet Unicare waited until 2011 to file suit for breach. This delay by Unicare triggers statute of limitations concerns,

1

Accordingly, Unicare is entitled to have default judgment entered in its favor.

Once a court determines that it should enter a default judgment on liability, it then turns to damages. *See Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1364 n.27 (11th Cir. 1997). "If, in order to enable the court to enter judgment . . . it is necessary to take an account or to determine the amount of damages . . . the court may conduct such hearings or order such references as it deems necessary and proper . . . ." Fed. R. Civ. P. 55(b)(2). But a hearing is not always required. The Court can award damages without one where the "amount claimed is a liquidated sum or one capable of mathematical calculation," or if there is "a demonstration by detailed affidavits establishing the necessary facts." *Adolph Coors Co. v. Movement Against Racism & the Klan*, 777 F.2d 1538, 1543 (11th Cir. 1985).

Here, the contract at issue, which Unicare has attached as an exhibit, does not contain a liquidated damages clause. Instead, the contract required Unicare to submit invoices to Salem for the amounts owed as they came due. Although Unicare has

---

especially considering how Alabama has a six-year limitations period for contract claims. *See* Ala. Code § 6-2-34(9). But these concerns are not for the Court's consideration. In fact, because the statute of limitations is an affirmative defense (and a waivable one at that), the Court cannot properly raise the issue on its own motion. *See Arizona v. California*, 530 U.S. 392, 412–13 (2000) (stating courts should raise statute of limitations defense on own motion only in narrow circumstances); *Erline Co. S.A. v. Johnson*, 440 F.3d 648, 654–56 (4th Cir. 2006) (finding district court erred by considering statute of limitations defense on its own motion after plaintiff moved for default judgment); *Haskell v. Wash. Twp.*, 864 F.2d 1266, 1273 (6th Cir. 1988) ("Since it is a waivable defense, it ordinarily is error for a district court to raise the [statute of limitations] sua sponte."); *Davis v. Bryan*, 810 F.2d 42, 45 (2d Cir. 1987) (concluding sua sponte consideration of statute of limitations an "error of law"); *Wagner v. Fawcett Publ'ns*, 307 F.2d 409, 412 (7th Cir. 1962) (observing that statute of limitations is "a personal privilege of the defendant," and that district court erred in raising it sua sponte). Consequently, the Court has ignored Unicare's delay for the purposes of deciding its motion for default judgment.

submitted an affidavit claiming that Salem owes $181,918.61, the document lacks the detail necessary for the Court, without further proof, to award damages in the claimed amount. *See, e.g.*, *Adolf Coors*, 777 F.2d at 1543 (requiring documentary evidence or detailed affidavits before district court can dispense with evidentiary hearing); *United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979) (" . . . a judgment by default may not be entered without a hearing unless the amount claimed is a liquidated sum or one capable of mathematical calculation.").[2] As a result, the Court will have a hearing on the matter at a later date, and Unicare will have the opportunity to prove its damages then.

Unicare also seems to request attorneys' fees, accrued interest, and costs of collection in its motion for default judgment. The *Federal Rules of Civil Procedure*, however, only allow a court to order the payment of "costs *other than attorney's fees* . . . to the prevailing party . . . ." Fed. R. Civ. P. 54(d)(1) (emphasis added). To get attorneys' fees after winning a default judgment, a federal statute—like Title VII, for example—has to expressly provide for their recovery. Fed. R. Civ. P. 54(d)(1). Because Unicare has failed to show that federal law allows it to recover attorneys' fees, its motion is denied to the extent that it asks for them. Similarly, the motion is denied insofar as it seeks to recover costs outside the purview of either the contract or the relevant federal statute expressly allowing for the recovery of certain specified costs. *See* 28 U.S.C. §

---

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all Fifth Circuit decisions handed down before the close of business on September 30, 1981.

1920 (allowing party to recover costs listed); *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441–42 (1987) (holding that party prevailing on Rule 54 motion can recover "costs" listed in 28 U.S.C. §1920).

For the reasons discussed above, it is hereby ORDERED as follows:

1. Unicare's Motion for Default Judgment (Doc. # 8) is GRANTED IN PART and DENIED IN PART. It is granted to the extent that it seeks a default judgment; it is denied to the extent that it requests attorneys' fees and extra-contractual damages.

2. Default judgment is ENTERED against Salem Nursing & Rehab Center of Tuskegee, Inc. on liability for breach of contract.

3. A hearing is set for February 22, 2012 at 9:00 A.M. in the United States Courthouse, One Church Street, Courtroom 2A, Montgomery, Alabama, to determine Unicare's damages stemming from Salem's breach of contract and what costs, if any, Unicare can recover.

DONE this the 12th day of January, 2012.

                                                  /s/ Mark E. Fuller
                                      UNITED STATES DISTRICT JUDGE